UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS A. ORTIZ,

      Petitioner,

v.                                        CASE NO. 6:15-cv-1650-Orl-37TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

This cause is before the Court on a Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed a Response to the Petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 7). Petitioner filed a Reply to the Response (Doc. 11).

Petitioner alleges one claim for relief in his habeas petition. However, as discussed hereinafter, the Court finds the Petition is untimely filed.

## I.    PROCEDURAL HISTORY

Petitioner was charged by amended information with attempted first degree murder with a firearm (count one) and resisting an officer with violence (count two) (Doc.

7-1 at 46-47). After a jury trial, Petitioner was convicted as charged. *Id.* at 88-90. The jury made a special finding that Petitioner discharged a firearm during the course of the crimes. *Id.* at 91. The trial court sentenced Petitioner to a term of life imprisonment with a twenty-year minimum mandatory term for count one and to a fifteen-year term of imprisonment for count two. *Id.* at 97-101. Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam* on June 29, 2010 (Doc. 7-2 at 64).

On May 5, 2011,[1] Petitioner filed a petition for belated appeal. *Id.* at 67-70. The Fifth DCA dismissed the petition on June 6, 2011. *Id.* at 71. On July 31, 2011, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Appellate Procedure. *Id.* at 73-77. The trial court denied the motion on August 18, 2011. *Id.* at 93-95. Petitioner appealed, and on November 15, 2011, the Fifth DCA affirmed *per curiam*. *Id.* at 118. Mandate issued on February 13, 2012. *Id.* at 120.

On December 8, 2011, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 7-3 at 2-9). Petitioner subsequently filed an amended Rule 3.850 motion. *Id.* at 10-21. On August 8, 2014, the trial court summarily denied Petitioner's motions. *Id.* at 71-81. Petitioner appealed, and on April 14, 2015, the Fifth DCA affirmed *per curiam*. *Id.* at 131. Mandate issued on May

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

8, 2015. *Id.* at 132. Petitioner filed the Petition on September 25, 2015 (Doc. 1).

## II.   TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)   the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its order of affirmance on June 29, 2010. Petitioner's convictions became final ninety days later, or on September 27, 2010. *See* Sup. Ct. R. 13(3) (stating the time to file a petition for writ of certiorari runs from the

date of entry or judgment and not the date mandate is issued). Thus, under §
2244(d)(1)(A), Petitioner had through September 27, 2011, absent any tolling, to file a
federal habeas petition.

Pursuant to § 2244(d)(2), the one-year period would be tolled during the pendency
of any "properly filed" state post-conviction proceedings. Petitioner filed a petition for
belated appeal on May 5, 2011. However, this motion did not toll the statute of limitations
because it "did not involve collateral review of [Petitioner's] conviction." *Espinosa v. Sec'y,
Dep't of Corr.*, 804 F.3d 1137, 1138-39 (11th Cir. 2015). Petitioner filed his Rule 3.800(a)
motion on July 31, 2011. A total of 307 days of the one-year limitations period elapsed
before Petitioner filed this motion. The limitations period was tolled from July 31, 2011,
through February 13, 2012, the date the mandate issued on appeal. Petitioner had 58 days
of the limitations period remaining to file his federal habeas petition.

Petitioner filed his Rule 3.850 motion on December 8, 2011, before his Rule 3.800(a)
was complete. Therefore, the one-year period was further extended from February 13,
2012, through May 8, 2015, the date the mandate issued on appeal from the denial of the
Rule 3.850 motion. Petitioner had 58 days, or until July 6, 2015,[2] to file his federal habeas
petition. The federal petition, filed on September 25, 2016, is untimely.

To overcome his untimely filing, Petitioner alleges that he is actually innocent
(Doc. 11 at 2). Petitioner states that the facts of his case do not support "an intentional act

---

[2] The final day was Sunday, July 5, 2015, therefore Petitioner had until the next
business day, Monday, July 6, 2015, to file his federal habeas petition.

that was separate from the essential element of the underlying felony" and thus, his convictions violate double jeopardy. *Id.* at 2-5.

The Supreme Court of the United States has held that actual innocence, if proved, may serve as a gateway through which a habeas petitioner may obtain review of his claims even if the one-year statute of limitations has expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "An actual-innocence claim must be supported 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530-31 (11th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To satisfy the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 531 (quoting *Schlup*, 513 U.S. at 317). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner does not support his allegation of innocence with new, reliable evidence that undermines the Court's confidence in the outcome of his criminal proceedings. *See Schlup*, 513 U.S. at 316. Instead, Petitioner's arguments relate to the legal sufficiency of his convictions and do not demonstrate factual innocence. Thus, Petitioner has failed to demonstrate that his untimely petition should be excused.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed

herein have been found to be without merit.

## IV.    CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a certificate of appealability.

3.      The Clerk of the Court is directed to enter judgment and close this case.

6

**DONE AND ORDERED** in Orlando, Florida, this 8th day of November, 2016.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 11/8
Counsel of Record
Luis A. Ortiz